**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 16-34-DLB-CJS-1**
**CIVIL ACTION NO. 18-137-DLB-CJS**

**UNITED STATES OF AMERICA**                                                                    **PLAINTIFF**

**v.**            **ORDER ADOPTING REPORT AND RECOMMENDATION**

**PEDRO HIGAREDA**                                                                                 **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.**      **INTRODUCTION**

Defendant Pedro Higareda, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate his conviction for methamphetamine distribution. (Doc. # 67). He argues that his counsel was ineffective for failing to challenge the veracity of affidavits supporting the search warrants issued in his case, which in turn affected the voluntariness of his guilty plea. Consistent with local practice, Magistrate Judge Candace J. Smith issued a Report and Recommendation ("R&R"), wherein she recommends that Higareda's Motion be denied on the merits without an evidentiary hearing. (Doc. # 90). Higareda did not file objections to the R&R and instead moves to obtain discovery materials that would substantiate his ineffective-assistance claim. (Doc. # 97). That Motion has now been fully briefed. (*See* Docs. # 103 and 106). Because Higareda has forfeited his right to review of the R&R, and because his attorney was not ineffective for failing to challenge the issue of probable cause, the R&R is **adopted** as modified herein and Higareda's

1

Motion to Vacate (Doc. # 67) is **denied**. Higareda's Motion for Discovery (Doc. # 97) is also **denied**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In September 2016, Higareda was indicted on three counts relating to distribution of methamphetamine. (Doc. # 1). Attorney Kerry Neff, the third attorney appointed to represent Higareda, (*see* Docs. # 7, 27, and 42), negotiated a plea agreement on Higareda's behalf. The agreement provided that Defendant would plead guilty to Count I of the Indictment, and in exchange, the United States would move to dismiss Counts II and III. (Doc. # 49 at 1). Higareda was convicted on Count I and sentenced to 240 months in prison, followed by ten years of supervised release. (Doc. # 61 at 2-3). Higareda did not appeal.

Higareda then filed a Motion to Vacate under 28 U.S.C. § 2255 as well as a supporting memorandum. (Docs. # 67 and 74). In his Motion, Higareda alleges that warrants to search and track his cell phone and to place a GPS tracking device on his vehicle were issued based on false information. (Docs. # 67 at 5 and 74 at 1-2). He therefore argues that his trial counsel acted deficiently for failing to challenge the issue of probable cause in a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). (Doc. # 74 at 2-3). The Supreme Court in *Franks* held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56. Higareda maintains that had he been informed of certain evidence undermining the

truth of the warrant affidavits, he would have asked for a *Franks* hearing instead of pleading guilty. (Doc. # 74 at 9).

The affidavit submitted as part of the first warrant application to track Higareda's cell phone was signed by Agent Steve Kush and reads as follows:

> **The Affiant states** information was gained concerning an unknown Hispanic male that goes by the moniker of "Toro" from a cooperating witness. The cooperating witness stated "Toro" was engaged in criminal activity of trafficking methamphetamine. Cooperating witness stated he/she knows this to be true from prior transactions of trafficking methamphetamine with "Toro." The cooperating witness stated he/she has been purchasing methamphetaimne [sic] from "Toro" on a weekly basis for several months. Cooperating witness states he/she coordinates the transaction by contacting "Toro" via phone at 859-552-8894. The cooperating witness was able to substantiate this information with the use of a controlled call from the cooperating witness to "Toro" at the phone number 859-552-8894. Agent Kush monitored the phone call and heard conversation from "Toro" that is consistent with drug trafficking.
> Based on the above, the Affiant believes "Toro" is conducting ongoing methamphetamine distribution and is using his cellular telephone with assigned number **859-552-8894** as an instrument to further this criminal activity. Said records from this cellular service provider will enable Agents to further investigate this organization and use of real time GPS or Ping Locations will assist in identifying co-conspirators and locations used as well as alerting law enforcement of any cross-country trips to re-supply.

(Doc. # 84-1 at 2). Higareda takes issue with the agent's statement that he "heard conversation from 'Toro' that is consistent with drug trafficking." According to Higareda, the controlled call with the agent did not contain any statements that would suggest Higareda was engaged in drug trafficking. (Doc. # 74 at 4-5).

The subsequent application for a warrant to place a GPS tracker on Higareda's car was accompanied by the following affidavit, signed by Agent Gary Helton:

> In April of 2016 information was gained concerning an unknown Hispanic male that goes by the moniker of "Toro" from a cooperating witness. The cooperating witness stated "Toro" was engaged in criminal activity of trafficking methamphetamine. Cooperating witness stated he/she knows this to be true from prior transactions of trafficking methamphetamine

3

with "Toro." The cooperating witness stated he/she has been purchasing methamphetamine from "Toro" on a weekly basis for several months. Cooperating witness states he/she would meet with Toro at several different locations in the Northern Kentucky Area. The cooperating witness stated that "Toro" would always drive a black Dodge Durango with tinted windows to the narcotics transactions.

**Acting on the information received, Affiant conducted the following independent investigation**:

The Affiant and members of the Northern Kentucky Drug Strike Force were able to use law enforcement databases to identify "Toro" as Pedro Higareda of Florence, Boone County Kentucky. The Affiant and members of the Northern Kentucky Drug Strike Force were able to identify Pedro Higareda's address as 8475 Partridge Dr. in Florence, Boone County, Kentucky. The Affiant was able to conduct surveillance on Pedro Higareda's residence and observed a 2006 Dodge Durango black in color with Kentucky Registration 063-VDG in the driveway of the residence with tinted windows.

The Affiant checked police databases and found the [sic] Pedro Higareda was issued a citation on 12/14/2015 while driving the black 2006 Dodge Durango in Boone County Kentucky.

The Affiant also conducted several controlled phone calls with Pedro Higareda and the cooperating witness during this investigation. On several occasions Pedro Higareda confirmed he was part of a narcotics trafficking organization, and would deliver crystal methamphetamine to the cooperating witness at any locations the cooperating witness picked.

On April 14, 2016 Agent Kush with the Northern Kentucky Drug Strike Force contacted the Lexington Police Division Gang Unit and spoke with Detective Todd Phillips in reference to this investigation. Agent Kush was advised that Pedro Higareda is a known high ranking member of the Surenos Street Gang criminal organization. Detective Phillips advised the Lexington Police Division's Homicide Unit is currently investigating a homicide that Pedro Higareda may have some connection with.

(Doc. # 84-2 at 2). With respect to this affidavit, Higareda claims that there was only one controlled phone call, not "several." (Doc. # 74 at 7). Also, as with the previous affidavit, Higareda maintains that the controlled call that occurred did not contain evidence of drug trafficking. (*Id.*).

The Magistrate Judge rejected Higareda's ineffective-assistance argument on the merits. (Doc. # 90). In the Magistrate Judge's view, Higareda's conclusory assertions did not establish his entitlement to a *Franks* hearing, which is warranted only upon a

4

"substantial preliminary showing" that the affiant intentionally or recklessly made a false statement.  (*Id.* at 6-9) (quoting *United States v. Young*, 847 F.3d 328, 348 (6th Cir. 2017)).  Therefore, according to the Magistrate Judge, "Higareda's counsel reasonably could have concluded" that there was insufficient evidence to meet the threshold for a *Franks* hearing "and was not ineffective for failing to request a *Franks* hearing or move to suppress evidence seized . . . ."  (*Id.* at 7-8) (internal quotation marks omitted).  The Magistrate Judge also recommended denying an evidentiary hearing because the record "conclusively shows that [Higareda] is not entitled to the relief he seeks."  (*Id.* at 9).

Shortly after the R&R was entered on January 22, 2020, Higareda filed a motion requesting a transcript of the controlled call that was alluded to in the warrant affidavits. (Doc. # 92).  Higareda, within the same motion, also asked for an extension of time to file objections to the R&R.  (*Id.*).  The Court denied Higareda's request for the transcript but granted his motion for extension of time, giving Higareda until February 27, 2020 to file objections.  (Doc. # 96).  Rather than file any objections, however, Higareda filed a renewed Motion for Discovery, again requesting the transcript of the controlled call, which he claims is in the Government's possession.  (Doc. # 97 at 1).  Higareda attached an evidence log obtained from his trial attorney purportedly showing the existence of a transcript from a controlled call dated March 31, 2016.  (Doc. # 97-1).  The Government opposes Higareda's motion, arguing that Higareda has failed to demonstrate "good cause" as required to obtain discovery in a § 2255 case.  (Doc. # 103 at 1).  *See* Rule 6 of the Rules Governing Section 2255 Proceedings.  Higareda filed a reply brief.  (Doc. # 106).  The Magistrate Judge's R&R (Doc. # 90) and Higareda's Motion for Discovery (Doc. # 97) are now ripe for the Court's review.

### III.  ANALYSIS

Higareda's Motion to Vacate fails for multiple reasons. First, Higareda did not object to the Magistrate Judge's R&R, choosing instead to renew his previously unsuccessful motion for discovery materials. A party who fails to file an objection to the magistrate judge's R&R forfeits further review of his claims by the district court, "[a]s long as [the] party was properly informed of the consequences of failing to object." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Here, the R&R notified Higareda of his right to object within fourteen days and warned that "[f]ailure to make a timely objection . . . may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals." (Doc. # 90 at 11). Higareda's failure to object thus provides a basis to adopt the Magistrate Judge's recommendation that Higareda's Motion be denied.

Forfeiture aside, Higareda's Motion is meritless because his attorney was not ineffective for failing to request a *Franks* hearing. A defendant is entitled to a *Franks* hearing only if the challenged statements in the warrant affidavit were necessary to a finding of probable cause. *Franks*, 438 U.S. at 155-56. Here, the affidavits in question, when viewed in the totality of the circumstances, established probable cause without the assertedly false description of the controlled calls. Higareda's trial counsel accordingly acted reasonably by not moving for a *Franks* hearing.

The first warrant affidavit contained detailed information provided by a known informant linking Higareda's phone to drug trafficking. According to the affidavit, the informant stated that an individual who goes by "Toro" was dealing methamphetamine. (Doc. # 84-1 at 2). The informant stated that "he/she knows this to be true from prior

6

transactions of trafficking methamphetamine with 'Toro,'" and further, that "he/she has been purchasing methamphetaimne [sic] from 'Toro' on a weekly basis for several months." (*Id.*). The informant also provided a phone number that he/she had called to purchase methamphetamine from "Toro" in the past. (*Id.*). Although Higareda denies that he made incriminating statements on the controlled call, he does not deny that the phone number used for the controlled call was his or that the call identified "Toro" as the person answering.

This information was sufficient to establish probable cause that Higareda's phone contained evidence of drug trafficking. It is well established that a magistrate may issue a warrant based upon "reliable hearsay information" in an officer's affidavit. *United States v. West*, 520 F.3d 604, 609 (6th Cir. 2008); *accord United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009). The affidavit in this case contained sufficient indicia of the informant's reliability. In describing the purchase of methamphetamine from "Toro," the informant admitted to engaging in illegal activity. Such a statement against penal interest "bears intrinsic evidence of credibility." *United States v. Czuprynski*, 46 F.3d 560, 564 (6th Cir. 1995) (en banc). Moreover, the informant was known to the agent who authored the affidavit, and the agent monitored the informant during the controlled call with "Toro." (*See* Doc. # 84-1 at 2). "The statements of an informant, whose identity was known to the police and who would be subject to prosecution for making a false report, are thus entitled to far greater weight than those of an anonymous source." *Dyer*, 580 F.3d at 391 (internal ellipsis omitted) (quoting *United States v. May*, 399 F.3d 817, 824-25 (6th Cir. 2005)). This substantial evidence of the informant's reliability eliminated the need for substantial police corroboration. *Id.* at 392. In any case, the agent here was able to

corroborate several of the details given by the informant, including that the phone number provided belonged to an individual who went by "Toro." Finally, the informant's identification of the particular phone previously associated with drug trafficking established "the 'necessary nexus between the place to be searched and the evidence sought.'" *Id.* at 391 (quoting *United States v. Higgins*, 557 F.3d 381, 390 (6th Cir. 2009)).

The second affidavit provided an even stronger basis for a finding of probable cause and was likewise sufficient absent the evidence of Higareda's allegedly incriminating statements on the controlled calls. In addition to including the factual details provided by the informant in the first affidavit, the second affidavit noted that, according to the informant, "'Toro' would always drive a black Dodge Durango with tinted windows to the narcotics transactions." (Doc. # 84-2 at 2). By consulting law enforcement databases, the agent was able to determine that "Toro" was in fact Pedro Higareda, who lived at 8475 Partridge Dr. in Florence, Kentucky. (*Id.*). The agent observed the vehicle matching the informant's description in the driveway of Higareda's residence. (*Id.*). In addition, the license plate of the vehicle was linked to a traffic citation issued to Higareda five months earlier. (*Id.*). Finally, Lexington police informed the affiant that Higareda was a member of the Surenos Street Gang, a known criminal organization. (*Id.*). This evidence was plainly sufficient to support a warrant for a GPS tracker on Higareda's car.

Because the challenged statements in the affidavit were not necessary to a showing of probable cause, Higareda's attorney cannot have been ineffective for failing to request a *Franks* hearing. *See Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020)

("The failure to raise a meritless claim does not constitute ineffective assistance of counsel."). Higareda's Motion to Vacate therefore fails for this reason as well.[1]

As with his Motion to Vacate, Higareda's Motion for Discovery of the controlled call transcript falls short. "Habeas petitioners have no right to automatic discovery," *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), and Rule 6 of the Rules Governing Section 2255 Proceedings allows discovery only upon the movant's showing of "good cause." Higareda has not made such a showing. As an initial matter, Higareda's discovery demand is untimely, having come after the issuance of the R&R. "[A] request for discovery under Habeas Rule 6, made after the case has been submitted for decision on the merits . . . is too late." *Hawkins v. Shoop*, No. 3:19-cv-072, 2020 WL 1163824, at *5 (S.D. Ohio Mar. 11, 2020); *see also United States v. Hickman*, 96 F. App'x 605, 610 (10th Cir. 2004); *Morgan v. United States*, No. C18-374, 2019 WL 366209, at *11 (W.D. Wash. Jan. 30, 2019); *Mathis v. United States*, Nos. 12-cr-457, 16-cv-487, 2018 WL 9617252, at *1 (M.D. Fla. Sept. 11, 2018). Higareda's request for discovery is therefore denied as untimely.

Moreover, Higareda's Motion for Discovery fails for much the same reason as his Motion to Vacate fails on the merits. Without a showing that the content of the controlled call was necessary to demonstrate probable cause, the transcript of that call will not assist Higareda in succeeding on his ineffective-assistance-of-counsel claim. This is fatal to a showing of good cause under Rule 6, which requires that the discovery request "could yield evidence enabling [the prisoner] to prevail on any of his claims." *Williams v. Bagley*,

---

[1] As Higareda's Motion to Vacate is denied, his Motion for Release from Custody pending the outcome of his § 2255 Motion (Doc. # 110) is **denied as moot**.

380 F.3d 932, 977 (6th Cir. 2004). Therefore, Higareda's Motion for Discovery is denied on this basis as well.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Report and Recommendation of the United States Magistrate Judge (Doc. # 90) is **ADOPTED** as the findings of fact and conclusions of law of the Court as modified herein;

(2) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. # 67) is **DENIED**;

(3) Defendant's Motion for Discovery (Doc. # 97) is **DENIED**;

(4) Defendant's Motion for Release from Custody pending adjudication of his § 2255 Motion (Doc. # 110) is **DENIED**;

(5) This matter is **DISMISSED with prejudice** and **STRICKEN** from the Court's active docket;

(6) For the reasons set forth herein and in the Magistrate Judge's R&R (Doc. # 90), the Court determines that there would be no arguable merit for an appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(7) A separate Judgment will be filed herewith.

This 31st day of December, 2020.



Signed By:
*David L. Bunning* DB
United States District Judge

J:\DATA\ORDERS\Covington Criminal\2016\16-34 Order Adopting R&R.docx